IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CORY DARNELL SMITH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>COMMISSIONER OF THE SOCIAL )<br>SECURITY ADMINISTRATION, )<br>)<br>Defendant. ) | Case No. CIV-10-1372-HE |

## REPORT AND RECOMMENDATION

Plaintiff, Mr. Cory Darnell Smith, seeks judicial review of a denial of supplemental security income benefits (SSI)[1] by the Social Security Administration. This matter has been referred for proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1)(B) and (C). It is recommended that the Commissioner's decision be reversed and remanded for further proceedings consistent with this Report and Recommendation.

### I.   Procedural Background

Mr. Smith protectively filed his application for SSI on April 19, 2007. Administrative Record [Doc. #15] (AR) at 13, 123-125. The Social Security Administration denied his application initially and on reconsideration. Following an administrative hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. AR 10-21. The Appeals Council denied Mr. Smith's request for review. AR 5-8. This appeal followed.

---

[1] Mr. Smith initially applied for disability insurance benefits as well. His last date insured, however, was June 30, 2003, well before his amended onset date of April 19, 2007.

## II. The ALJ's Decision

The ALJ followed the sequential evaluation process required by agency regulations. *See Fisher-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. § 416.920. The ALJ first determined that Mr. Smith had not engaged in substantial gainful activity since the protective filing date. AR 15. At step two, the ALJ determined that Mr. Smith has the following severe physical impairments: pulmonic valve artresia status post valve replacement with a homograph at age 8; and disc syndrome, lumbar spine. AR 16. At step three, the ALJ found that Mr. Smith's impairments do not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 17.

The ALJ next determined Mr. Smith's residual functional capacity (RFC):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) with some restrictions. The claimant is limited to occasional climbing of ramps and stairs, balancing and stooping. The claimant is further limited to no kneeling, crouching, crawling, and climbing of ladders, ropes or scaffolds.

AR 18.

At step four, the ALJ concluded that Mr. Smith has no past relevant work because he has never worked at the level of substantial gainful activity. AR 19. At step five, the ALJ concluded that there are jobs existing in significant numbers in the national economy that Mr. Smith could perform, including small parts assembler and charge account clerk. AR 20.

III. **Standard of Review**

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the [administrative law judge's] findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

IV. **Analysis**

Mr. Smith has a congenital heart defect which required multiple heart surgeries before he was eight years old. AR 221. He received disability benefits as a child which were terminated when he turned eighteen years old. Mr. Smith attempted to work at several

different jobs, but his efforts never rose to the level of substantial gainful activity. The issue raised on appeal by Mr. Smith is that the ALJ erred in failing to consider a medical opinion from Mr. Smith's treating cardiologist, Dr. Bryan F. Perry. Mr. Smith states that the ALJ "seems to disregard the opinion of Mr. Smith's treating cardiologist, Bryan F. Perry, M.D., who recommend[ed] that Mr. Smith diminish the very same activities that the ALJ finds as indicators of Mr. Smith's capability to perform sustained work activity." Plaintiff's Opening Brief at 7. Referencing Exhibit 14F which includes a medical record dated January 12, 2010, the Commissioner contends that Plaintiff's assignment of error should be rejected because that opinion was generated by a Physician's Assistant, rendered after the ALJ's unfavorable decision, and first considered by the Appeals Council.[2] But because the Appeals Council considered the evidence, the record is "'part of the administrative record to be considered [by this court] when evaluating [the ALJ's] decision for substantial evidence.'" *Martinez v. Barnhart*, 444 F.3d 1201, 1208 (10th Cir. 2006 ) (*quoting O'Dell v. Shalala*, 44 F.3d 855, 859 (2006) (alterations in original); *accord Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003). Therefore, this Court must consider the entire record, including the opinion evidence submitted to the Appeals Council.

Although both Mr. Smith and the Commission reference Exhibit 14F, the Court notes that Exhibit 13F (AR 252-253) appears to have been a part of the record before the ALJ.

---

[2] Exhibit 14F also includes a copy of Exhibit 13F, a medical record generated by Dr. Perry dated April 7, 2009, and submitted to the Appeals Council for convenience.

4

Exhibit 13F is the medical record dated April 7, 2009, generated by Dr. Perry, Plaintiff's treating cardiologist, which contains the following opinion:

> Again, I think with his pulmonic stenosis his ability to exert himself is going to be very limited and agree with his attempt to obtain disability and social security.

AR 253.

Although the ALJ purports to have considered "the entire medical record," AR 14, nothing in the ALJ's decision indicates that he actually considered the opinion of Dr. Perry, much less followed the steps in determining the weight, if any, of the treating physician's opinion.

The Tenth Circuit Court of Appeals recently restated the well-settled procedure an ALJ should use when analyzing a treating physician's opinion:

> The initial determination the ALJ must make with respect to a treating physician's medical opinion is whether it is conclusive, i.e., is to be accorded "controlling weight," on the matter to which it relates. *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). Such an opinion must be given controlling weight if it is well-supported by medically acceptable clinical or laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. *Id.* (applying SSR 96–2p, 1996 WL 374188, at *2); 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). If the opinion is deficient in either of these respects, it is not to be given controlling weight.

> But finding such deficiencies to resolve the controlling-weight question against a claimant does not end the inquiry. Even if a treating opinion is not given controlling weight, it is still entitled to deference; at the second step in the analysis, the ALJ must make clear how much weight the opinion is being given (including whether it is being rejected outright) and give good reasons, tied to the factors specified in the cited regulations for this particular purpose, for the weight assigned. *Watkins*, 350 F.3d at 1300–01. If this is not done, a remand is required. *Id.* at 1301. As the relevant ruling explains:

> Adjudicators must remember that a finding that a treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to " controlling weight," not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [§§ ] 404.1527 and 416.927. In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight.

SSR 96–2p, 1996 WL 374188, at *4 (emphasis added). Thus, a deficiency as to the conditions for controlling weight raises the question of how much weight to give the opinion, it does not resolve the latter, distinct inquiry. *Langley v. Barnhart*, 373 F.3d 1116, 1120 (10th Cir. 2004) (holding that while absence of objective testing provided basis for denying controlling weight to treating physician's opinion, "[t]he ALJ was not entitled, however, to completely reject [it] on this basis"). This second inquiry is governed by its own set of factors, summarized as follows:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Id.* at 1119 (quotation omitted). In applying these factors, the ALJ's findings must be "sufficiently specific to make clear to any subsequent reviewers the weight [he] gave to the treating source's medical opinion and the reason for that weight." *Id.* (quotation omitted).

*Krauser v. Astrue*, 638 F.3d 1324, 1330 -1331 (10th Cir. 2011).

In this case, the Court cannot evaluate what weight, if any, the ALJ assigned to Dr. Perry's medical opinion expressed in his April 7, 2009 report (Exhibit 13F). The only medical records generated by Dr. Perry that the ALJ discussed were 2008 treatment records in which Dr. Perry stated he did not consider Mr. Smith a candidate for prosthetic pulmonic valve replacement (Exhibit 9F) and a February 16, 2009 record stating Mr. Smith has dyspnea (shortness of breath) with mild exertion (Exhibit 11F). *See* AR 16. The ALJ did not discuss the April 7, 2009 report, containing Dr. Perry's opinion which appears on its face inconsistent with the ALJ's decision. The Tenth Circuit Court of Appeals has repeatedly stated that "'[i]t is improper for the ALJ to pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence.'" *Carpenter v. Astrue*, 537 F.3d 1264, 1265 (10th Cir. 2008) (*quoting Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004)).

Accordingly, the decision of the Commissioner should be reversed and remanded for further proceedings consistent with this Report and Recommendation.

## **RECOMMENDATION**

It is recommended that the Commissioner's final decision be reversed and remanded for further proceedings consistent with this Report and Recommendation.

## **NOTICE OF RIGHT TO OBJECT**

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. § 636 and Fed.R.Civ.P.72. Any such objections should

be filed with the Clerk of the District Court by April __27th__. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this __6th__ day of April, 2012.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE